# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ERIKA PETERSON, individually and on
behalf of all others similarly situated,

        Plaintiff,

  v.

CREDIT CORP. SOLUTIONS, INC. and
DOES 1 through 10, inclusive,

        Defendants.

_____/

Case No.  1:17-cv-00578-LJO-SKO

**ORDER GRANTING STIPULATED
REQUEST TO EXTEND TIME TO
RESPOND TO INITIAL COMPLAINT**

(Doc. 5)

      On May 31, 2017, the parties filed a "Stipulation to Extend Time to Respond to Initial Complaint By Not More Than 30 Days" (the "Stipulation"), requesting that the deadline by which Defendant Credit Corp Solutions, Inc. ("Defendant") shall respond to Plaintiff's Complaint be enlarged to June 20, 2017.  (Doc. 5.)  The Stipulation states that it may be filed "without approval of the Court in accordance with Local Rule 8-3." (*Id.* at 2.)

      The Court calls to the parties' attention the current version of the Local Rules of the United States District Court, Eastern District of California, effective April 1, 2017 (the "Local Rules" or "L.R."), which provide in pertinent part:

      **(a) Extensions on Stipulation.**  Unless the filing date has been set by order of the
      Court, an initial stipulation extending time for no more than twenty-eight (28)
      days to respond to a complaint, cross-claim or counterclaim, or to respond to
      interrogatories, requests for admissions, or requests for production of documents

may be filed without approval of the Court if the stipulation is signed on behalf of all parties who have appeared in the action and are affected by the stipulation. All other extensions of time must be approved by the Court. No open extensions of time by stipulation of the parties will be recognized.

L.R. 144(a). Although no Proof of Service has been filed on the Court's docket, the Stipulation represents that Defendant's current responsive pleading deadline was May 16, 2017. (Doc. 5 at 1.) Assuming this is an accurate representation, the parties' stipulated extension to June 20, 2017, is a 35-day enlargement of time that requires Court approval under L.R. 144(a).[1]

More importantly, the Stipulation was filed on May 31, 2017, over two weeks after Defendant's responsive pleading deadline (as represented in the Stipulation) had expired. Although the Court may extend time to file a responsive pleading after the deadline has expired because of "excusable neglect," Fed. R. Civ. P. 6(b)(1)(B), no such excusable neglect has been articulated—much less shown—here.[2] Notwithstanding this deficiency, given the absence of bad faith or prejudice to Plaintiff (as evidenced by the parties' agreement to the extension of time), and in view of the liberal construction of Fed. R. Civ. 6(b)(1) to effectuate the general purpose of seeing that cases are tried on the merits, see *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010), the Court GRANTS the parties' stipulated request. ***The parties are cautioned that future post hoc request for extensions of time will be viewed with disfavor.***

IT IS HEREBY ORDERED that Defendant Credit Corp Solutions, Inc. shall have to and including June 20, 2017, within which to file a responsive pleading. The Court further ORDERS Plaintiff, within two (2) business days, to file upon the Court's docket Proof of Service of the Complaint upon Defendant.

IT IS SO ORDERED.

Dated:   **June 5, 2017**                             */s/ Sheila K. Oberto*

                                                      UNITED STATES MAGISTRATE JUDGE

---

[1] This is despite the fact that Stipulation's title indicates the extension sought does not exceed 30 days. (*See* Doc. 5.)
[2] The only justification for the request for enlargement of time provided in the Stipulation is the recent retention of defense counsel and their "press of business." (Doc. 5. at 2.)